116 F.3d 485
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Paul Anthony RUPE, Plaintiff-Appellant,
v.
Robert G. BORG, Warden FSP; Sgt. Heidinger, of 4 Building
at Folsom State Prison; Richard Campbell; Robert
Morris, Defendants-Appellees.
 No. 96-16489.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 3, 1997.*
June 9, 1997.
 
 Appeal from the United States District Court for the Eastern District of California, D.C. No. CV-92-00394-GEB/JFM, CV-92-2142; Garland E. Burrell, District Judge, Presiding.
 Before: NORRIS, LEAVY, and TASHIMA, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 California state prisoner Paul Anthony Rupe appeals pro se the district court's sua sponte summary judgment[1] in favor of Richard Campbell and Robert Morris in Rupe' § 42 U.S.C. § 1983 action. Rupe alleged that his First Amendment rights were violated because Campbell and Morris retaliated against Rupe because he filed inmate grievances and lawsuits. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo the district court's summary judgment, see Jesinger v. Nevada Fed. Credit Union, 24 F.3d 1127, 1130 (9th Cir.1994), and we affirm.
 
 
 3
 Rupe contends that the district court erred by holding that Campbell and Morris did not retaliate against Rupe by terminating him from his job as a clerk at the Folsom State Prison library. This contention lacks merit.
 
 
 4
 Prisoners alleging retaliation claims under section 1983 must demonstrate that (1) prison officials retaliated against them for exercising their constitutional rights; and (2) the retaliatory action did not advance legitimate penological interests, such as the preservation of institutional order, discipline, and security. See Barnett v. Centoni, 31 F.3d 813, 816 (9th Cir.1994) (per curiam).
 
 
 5
 The record supports the district court's entry of summary judgment in favor of Campbell and Morris. Campbell and Morris submitted uncontradicted declarations stating that Rupe was terminated because he used the prison computer for personal use, and not because Rupe filed inmate grievances and legal actions.[2] In addition, the record also contains a declaration from T.A. Rougeux, a Facility Captain in the California Department of Corrections ("DOC"). Rougeux's duties include reviewing departmental policies and procedures. Rougeux's declaration sets forth a legitimate penological interest for Campbell and Morris's actions. Rougeux states that because of security concerns, the DOC determined that inmate use of computers should be restricted.[3]
 
 
 6
 In contrast, Rupe failed to produce evidence tending to show that his termination from his job was retaliatory or evidence demonstrating that the alleged retaliatory action did not advance a legitimate penological interest. See id. at 815-16; see also Pratt v. Rowland, 65 F.3d 802, 806 (9th Cir.1995) (stating that "[t]he plaintiff bears the burden of pleading and proving the absence of legitimate correctional goals for the [retaliatory] conduct [at issue]"). Accordingly, the district court did not err by granting the defendants summary judgment. See Barnett, 31 F.3d at 816.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 A district court may sua sponte enter summary judgment for a party if the party against whom judgment was entered received reasonable notice that the adequacy of his or her claim was in question. See O'Keefe v. Van Boening, 82 F.3d 322, 324 (9th Cir.1996). Here, Rupe does not contend that he was not provided with proper notice
 
 
 [2]
 After Campbell conducted a check of the hard drive and floppy disks at the prison library, he discovered disks containing inmate legal work and what appeared to be a gambling ledger. Because Rupe was one of two library clerks with access to the computer, he was charged with a disciplinary violation and removed from his job
 
 
 [3]
 Security concerns raised by Rougeux in his declaration include: (1) because of the storage capability of computers and portable disks, inmates could hide information such as gambling records, escape plans, gang information, drug activity, and loan sharking activities; (2) inmates could tamper with staff computers that contain confidential information; and (3) inmates could create false documents